UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KOCTRELL BATTLE,

    Plaintiff,

v.

ELIZABETH POLICE DEPARTMENT, et al.,

    Defendants.

Civ. No. 15-6737 (KM) (JBC)

**MEMORANDUM AND ORDER**

    The plaintiff, Koctrell Battle, is currently incarcerated at the Union County Jail, in Elizabeth, New Jersey. He is proceeding *pro se* with a civil rights complaint under 42 U.S.C. § 1983, alleging illegal arrest, excessive use of force, and the denial of medical care at the police station. It names as defendants two officers, Alexander Gonzalez and Michael Nicolas, as well as the Elizabeth Police Department.

    This Court has screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Upon screening the complaint, this Court will permit the complaint to proceed past screening in its entirety against defendants Gonzalez and Nicolas.

    The Court construes Mr. Battle's claim that the Elizabeth Police Department should be investigated for the police brutality that "is being practiced there" as a claim under *Monell v. Dep't of Soc. Servs. New York City*, 436 U.S. 658 (1978). This claim shall be permitted to proceed past screening as well at this early stage of the proceedings. The Elizabeth Police Department, however, is not technically the proper entity to be sued. As this Court has noted:

> A New Jersey municipal police department is not an independent
> entity with the capacity to be sue and be sued, but only "an

> executive and enforcement function of municipal government."
> N.J. STAT. ANN. § 40A:14–118. The case law under Section 1983 uniformly holds that the proper defendant is therefore the municipality itself, not the police department. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) (per curiam) ("We further agree with the District Court that the police department was not a proper party to this action. Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (citation omitted); *see also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir.1997) (Court "treat[s] the municipality and its police department as a single entity for purposes of section 1983 liability"); *Michaels v. State of New Jersey*, 955 F.Supp. 315, 317 n. 1 (D.N.J. 1996) (Newark police department not a proper party).

*Santa Maria v. City of Elizabeth (N.J.)*, No. 15-3243, 2015 WL 2414706, at *5 (D.N.J. May 20, 2015). I will therefore direct the clerk to substitute the City of Elizabeth as defendant.

Accordingly, IT IS this 27th day of October, 2015,

ORDERED that the clerk shall replace the Elizabeth Police Department with the City of Elizabeth as a defendant in this action; and it is further

ORDERED that the complaint shall be permitted to proceed against the three defendants named in the complaint: (1) Alexander Gonzalez; (2) Michael Nicolas; and (3) the City of Elizabeth; and it is further

ORDERED pursuant to 28 U.S.C. § 1915(d) that the Clerk shall issue a summons and the U.S. Marshal shall serve the summons and a copy of the complaint and this Order on defendants Gonzalez, Nicolas and the City of Elizabeth, with all costs of service advanced by the United States; and it is further

ORDERED that defendants Gonzalez, Nicolas and the City of Elizabeth shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED that the Clerk shall serve this Order on plaintiff by regular U.S. mail.

*Kevin McNulty*

_____
KEVIN MCNULTY
United States District Judge