UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KOCTRELL BATTLE, | : |
| Plaintiff, | : Civil Action No. 15-6737 (KM) |
| v. | : |
| THE CITY OF ELIZABETH et al, | : OPINION AND ORDER |
| Defendants. | : |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Koctrell Battle for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). [Dkt. No. 34]. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel is **DENIED**.

Plaintiff filed his Complaint on September 9, 2015, alleging claims that he was subject to illegal arrest, excessive use of force, and the denial of medical care. [Dkt. No. 1]. Specifically, Plaintiff claims that he was physically injured by the arresting police officers and that the City of Elizabeth failed to provide medical treatment for his injuries. [Dkt. No. 1]. On September 9, 2015, Plaintiff filed an application to proceed *in forma pauperis*, which the Court granted on September 29, 2015. [Dkt. Nos. 1 and 2]. Plaintiff filed the present Motion for *Pro Bono* Counsel on September 12, 2016. [Dkt. No. 34].

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim

has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d 499 (citing *Parham*, 126 F.3d at 458).

Presently, as an initial matter and regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect

2

to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint, an application for *in forma pauperis* status, a request for default judgement, responses to Defendants' interrogatory and document production requests, and the present motion for the appointment of *pro bono* counsel. These filing themselves demonstrate that Plaintiff is able to present his case. Plaintiff claims that he needs counsel to help him request and retrieve documents [Dkt No. 34], but does not explain what documents he needs and cannot obtain on his own or any efforts made to obtain such documents.

Although Plaintiff claims otherwise, the legal issues presented are not complex, and at this stage the degree to which factual investigations will be necessary, the extent to which the case is likely to turn on credibility determinations, and whether Plaintiff will require expert witnesses is unclear. The Court acknowledges that Plaintiff is of limited financial means and unable to afford his own counsel. While the sixth *Tabron* factor weights slightly in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).

The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor the considerations raised by Plaintiff's Motion throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the

3

litigation, the Court finds that the *Tabron* factors weight against appointment. In the event that Plaintiff renews his application for *pro bono* counsel in the future, the Court instructs Plaintiff to address the *Tabron* factors set forth above.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this 17th day of November, 2016,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 34] is **DENIED WITHOUT PREJUDICE**.

s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**
